Joseph A. Powers
Christiane S. Campbell
Jeffrey S. Pollack
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103

*Attorneys for Plaintiff*
*Power Home Remodeling Group, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| POWER HOME REMODELING GROUP, LLC ) ) ) | |
| Plaintiff, ) | **Civil Action No.**_____ |
| v. ) | **COMPLAINT AND JURY DEMAND** |
| POWER DREAM HOUSE REMODELING ) LLC ) ) | **(Filed Electronically)** |
| Defendant. ) | |

Plaintiff, Power Home Remodeling Group, LLC ("Power" or "Plaintiff"), by its

attorneys, complaining of the named Defendant, for its complaint alleges as follows:

**JURISDICTION AND VENUE**

1.      This is a civil action for trademark infringement, false advertising, false

designation of origin, and unfair competition arising under the Trademark Act of 1946, as

amended, 15 U.S.C. §§ 1051-1127, and the common and statutory laws of the State of New

Jersey.

2.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331,

28 U.S.C. § 1332, 28 U.S.C. § 1338, and 15 U.S.C. § 1121 as well as and the principles of

supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**THE PARTIES**

3.      Power is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 2501 Seaport Drive, Suite B110, Chester, Pennsylvania 19013.

4.      On information and belief, Defendant Power Dream House Remodeling LLC ("Defendant") is a limited liability company organized and existing under the laws of New Jersey, with a current principal place of business at 54 Broughton Avenue, Bloomfield, New Jersey 07003.

5.      On information and belief, Defendant organized in New Jersey on March 9, 2013 under the name "Power Dream House Remodeling" and has been doing business under the name.

**FACTUAL BACKGROUND**

A.      **PLAINTIFF'S HISTORY**

6.      Power was founded in 1992, and since at least as early as 2001, Power has continuously offered its home remodeling products and services under the POWER variant names and trademarks, including POWER HOME REMODELING GROUP and POWER WINDOWS & SIDING, and similar stylized and design marks (the "POWER Trademarks").

7.      Power has used, over the years, the following POWER Trademarks in connection with its products and services:





2



Power has made consistent use of its lightning bolt designs and logos, its outline of a house, and its blue and green color scheme, as shown on its website located at URL www.powerhrg.com. Screen shots from Power's website are shown below and attached hereto as **Exhibit 1.**





3







8.    Power's products include state-of-the-art windows, siding, roofing, doors, and insulation.  Power provides installation, design, maintenance, and remodeling services.

4

9.      Power federally registered, with the U.S. Patent and Trademark Office (USPTO), its POWER Trademarks. Information about Power's trademarks and trademark registrations is attached hereto as **Exhibit 2**.

10.     Since its formation, Power has offered its POWER brand of home remodeling products and services to customers in New Jersey, and has office locations in Pennsylvania, New Jersey, Connecticut, Massachusetts, New York, Maryland, Illinois, Georgia, Texas, and Michigan.

11.     Power is one of America's largest home remodeling companies, with 1,450 employees and ten business locations throughout the United States.  Power has served more than a quarter of a million customers' home remodeling needs.

12.     Power supplies its customers with window, siding, roofing, door, and insulation products, as well as remodeling design and installation services for the same under and/or in connection with its POWER trademarks.

13.     Power has invested significant time and resources to develop and build its reputation and the goodwill behind the POWER Trademarks.  Power has established itself as an industry leader and is repeatedly recognized as such in the press.  For example, in 2015 Power was named the #1 Workplace for Millennials, by *Fortune* magazine.  Power has been ranked on the *Qualified Remodeler Magazine* "Top 500 Companies" and *Professional Remodeler Magazine's* "Top 550" lists every year since 1997 and is currently ranked fourth on both.  Power has also received numerous industry and company honors and awards, including but not limited to the following:

- *Professional Remodeler Magazine* ranked Power in their "Top 25 Places to Work"
- Power was chosen as *Mid South Building Supply* "Contractor of the Year"
- Power was chosen as *Northeast Building Products* "Contractor of the Year"
- Power was named one of the "500 Biggest Players" by *Remodeling Magazine*
- Power was ranked fourth on *Replacement Contractor Magazine's* "Top 100" list annually from 2010 – 2014
- Power was named one of *Inc. Magazine's* "Inc. 5000" annually from 2010 – 2013
- Power was named a "Future 50" fast growth company for 2011 by Philadelphia *SmartCEO* magazine

5

- Power was recognized as "The Top Workplace for Mid-Sized Companies" by *The Philadelphia Inquirer, Boston Globe*, and *Connecticut Post*
- Power was recognized as one of the "Best Places to Work for Mid-Sized Companies" by *The Philadelphia Business Journal, Boston Business Journal, The Chicago Sun-Tribune* and *Atlanta Business Chronicle*
- Power was named to the "Future Fifty List" from *SmartCEO* magazine

14.     Power's products and services, offered and sold under and/or in connection with its POWER trademarks, emphasize energy efficiency and sustainability.  Indeed, Power is a member of the Sustainable Business Network (SBN) and trains, educates, and promotes efficient remodeling techniques.

## B.     DEFENDANT'S INFRINGING ACTIVITIES

15.     On information and belief, Defendant organized itself as a limited liability company in New Jersey on March 9, 2013.

16.     Defendant markets and advertises its goods and services from its website located at URL www.powerdreamhouse.com.  Defendant registered or had registered the URL on October 21, 2014. True and accurate screen images from Defendant's website, and a *Whois* record for the registration, are attached hereto as **Exhibit 3** and shown below:



17.     Defendant also advertises its goods and services on social media, including from its Facebook page located at www.facebook.com/Power-Dream-House-Remodeling-LLC-418091314941608/ and as shown below:



18.     Defendant offers home remodeling products and services from a storefront on Broughton Avenue in Bloomfield, New Jersey:



19.     Defendant's website and storefront use a name, colors, logos, and designs that are identical or confusingly similar to Power's.  Specifically, Defendant has adopted and uses the name "POWER," Defendant incorporates a lightning bolt design in its signage and logos, Defendant incorporates a house design in its logos, and Defendant uses blue and green color scheme for its logos displayed online. The similarities are illustrated in the examples below, showing Power's logo, and Defendant's logo:

DM2\6257963.1

 

20.     On August 5, 2015, shortly after learning about Defendant's use of the POWER name and trademark, and corresponding designs, colors, and logos, Power, through its counsel, sent a cease and desist letter to Defendant, asking that it immediately and permanently discontinue any and all use of the POWER name and POWER Trademarks and any names or marks confusingly similar thereto.  A true and accurate copy of Power's August 5 letter to Defendant is attached hereto as **Exhibit 4.**

21.     On August 10, 2015, Defendant responded to Power's letter by telephone. Defendant admitted the "Power" name and "maybe the logos" were similar to Power's, but did not expressly agree to make any changes.  Defendant informed Power's counsel that it would consult with a lawyer and offer a written response on or before August 20, 2015.

22.     Defendant did not send a written or any other response to Power by August 20, and on August 26, 2015, Power sent a follow-up letter requesting a written response to its original requests not later than August 31, 2015.  A true and accurate copy of Power's August 26 follow-up letter to Defendant is attached hereto as **Exhibit 5.**

23.     Defendant's counsel contacted Power's counsel on September 2, 2015 by telephone.  Defendant did not offer a written response to Power's letters and did not make any changes to its website pages or signage.

24.     Power's counsel made repeated efforts to get a written or affirmative response to its letters, between the dates of September 2, 2015 and September 22, 2015.  Each effort was by telephone call to Defendant's counsel.

DM2\6257963.1

25.     As of the date of filing this complaint, Defendant has offered no written or substantive response to Power's cease and desist letters.

26.     On information and belief, Defendants are engaged in the promotion, sale, offering and rendering of goods and services that are identical, closely related to, and compete with the goods and services offered by Power under the POWER name and POWER Trademarks, namely, windows, roofing, siding, doors, and remodeling services.

27.     Upon information and belief, long after Power's adoption and use of its POWER name and POWER Trademarks, and long after Power's name and trademarks were federally registered and had come to be well-known among the relevant purchasing public, Defendant commenced the promotion, advertising, offering and rendering of goods and services in commerce under a name and mark that is substantially identical to Power's, and using logos, designs, and colors that are substantially identical to Power's.

28.     Notwithstanding Power's well known and prior ownership and use of – and other prior statutory and common law rights in – its POWER name and POWER Trademarks, Defendant, without the consent of Power, adopted, used and caused to be used, and continues to use and cause to be used, a name and marks that are confusingly similar to Power's name and trademarks, in connection with goods and services that are identical to and that compete with Power's own.

29.     Upon information and belief, Defendant undertakes its infringing activities for profit, as a business venture.

30.     Defendant is not now and has never been authorized by Power, and is not now and has never been entitled to use Power's POWER name or POWER Trademarks, or any name or mark confusingly similar thereto, in connection with any business.

31.     Defendant's use of the POWER name and POWER Trademarks in connection with its home remodeling products and services is likely to cause confusion, mistake or deception.  In particular, consumers are likely to believe that Defendant's remodeling services, or remodeling products such as windows, roofing, and siding, are sponsored by or otherwise

DM2\6257963.1

approved by Power when in fact they are not.  Such confusion is likely to occur within the state of New Jersey.

32.     Power has been and continues to be injured by Defendant's unlawful acts.

33.     Upon information and belief, Defendant has performed the acts complained of herein willfully and with knowledge of the infringement these acts would cause, and with intent to cause, confusion, mistake, or deception, and to appropriate and unfairly trade upon Power's goodwill in its name and trademarks.

34.     As a proximate result of the acts of Defendant as alleged herein, Power has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits.

35.     Power has no adequate remedy at law.  Power will continue to suffer irreparable harm unless Defendant is preliminarily and permanently enjoined by this Court.

36.     Defendant is not connected with Power and has no authority from Power to use the POWER name and POWER Trademarks in any respect.

37.     As shown herein, in connection with its goods and services, and advertising, marketing and promotion of its goods and services, Defendant is using in commerce and, unless restrained, will continue to use in commerce, a word, term, name or symbol which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Power or as to the origin, sponsorship, or approval of Defendant's goods and services.  Power believes that it is or is likely to be damaged by such acts.

## COUNT I
## <u>FEDERAL TRADEMARK INFRINGEMENT</u>

38.     Power incorporates the preceding paragraphs as though set forth herein.

39.     This cause of action arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

40.     Defendant's activities constitute a violation of Section 32 in that Defendant has used in commerce names and marks that are identical and/or confusingly similar to Power's federally registered POWER Trademarks, in connection with the sale, offering for sale, distribution and/or advertising of goods and services, and such uses are likely to cause confusion, to cause mistake, or to deceive as to the source of Defendant's goods or services and/or Defendant's association with Power (of which there is none).

41.     Defendant has intentionally adopted a name and mark for its home remodeling goods and services that is confusingly similar to Power's long-established and well-known registered trademarks and has done so with the deliberate intent to deceive third parties into believing Defendant is or is affiliated or associated with Power, and with the deliberate intent of causing confusion as to the source of the goods and services offered by Defendant

42.     By reason of the foregoing acts, Defendant has willfully and maliciously infringed Power's registered trademarks without authorization, causing injury to Power, the full extent of which cannot be determined.

43.     Power  further alleges that the activities of Defendant set forth above constitute willful and intentional use of an infringing name and mark, in contravention of Power's registered rights.

44.     The acts of Defendant complained of herein have caused and, unless enjoined by the Court, are likely to continue to cause Power to suffer irreparable harm for which Power has no adequate remedy at law.

45.     Defendant's conduct has caused harm to Power, and, pursuant 15 U.S.C. §§ 1116 and 1117, Power asserts claims against Defendant for injunctive relief and damages, including Defendant's profits, plus costs and attorneys' fees, in an amount to be determined at trial.

## COUNT II

## <u>FEDERAL UNFAIR COMPETITION</u>

46.     Power incorporates the preceding paragraphs as though set forth herein.

47.     This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.     Defendant's activities constitute a violation of Section 43(a) of the Lanham Act in that Defendant's activities are likely to cause confusion, to cause mistake, or to deceive as to the source of Defendant's good or services and Defendant's association with Power (of which there is none).  Defendant has intentionally adopted and used, and therefore willfully infringed, Power's POWER name and POWER Trademarks without the authorization of Power, thereby trading on the goodwill and excellent reputation of Power.  Unless and until Defendant is enjoined, Defendant's infringing activities are likely to continue.  Power has no adequate remedy at law.

49.     Defendant has intentionally adopted a name and mark for its home remodeling goods and services that is confusingly similar to Power's long-established and well-known name and trademarks and has done so with the deliberate intent to deceive third parties into believing Defendant is or is affiliated or associated with Power, and with the deliberate intent of causing confusion as to the source of the goods and services offered by Defendant.

50.     By reason of the foregoing acts, Defendant has willfully and maliciously infringed Power's name and trademarks without authorization, causing injury to Power, the full extent of which cannot be determined.

51.     Power further alleges that the activities of Defendant set forth above constitute willful and intentional use of an infringing name and mark, in contravention of Power's rights.

52.     Defendant's conduct has caused harm to Power, and, pursuant 15 U.S.C. §§ 1116 and 1117, Power asserts claims against Defendant for injunctive relief and damages, including Defendant's profits, plus costs and attorneys' fees, in an amount to be determined at trial.

## COUNT III

### UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING

53.     Power incorporates the preceding paragraphs as though set forth herein.

54.     This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.     Defendant intentionally adopted and is using a name and mark that is confusingly similar to Power's POWER name and POWER Trademarks for goods and services that are substantially identical to and compete with those Power offers under its name and mark.

56.     Defendant's use of a name and mark that is confusingly similar to Power's POWER name and POWER Trademarks, in connection with the advertising, promotion, marketing, offering and rendering of its home remodeling goods and services will cause consumers and potential consumers to mistakenly attribute the quality and reputation of Power's goods and services to those of Defendant.

57.     The use by Defendant of Power's name and trademark in connection home remodeling goods and services, and to advertise, promote, market, offer and render Defendant's home remodeling goods and services, constitutes unfair competition, a false representation and a false designation of origin, and false advertising of Defendant's goods and services, and constitutes unfair competition, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58.     As a result of Defendant's unfair competition, false designation of origin, and false advertising, Defendant has caused and will continue to cause irreparable injury to Power for which Power has no adequate remedy at law.

59.     This is an exceptional case, entitling Power to enhanced damages and reasonable attorneys' fees and costs, in addition to an injunction and damages for infringement.

DM2\6257963.1

## COUNT IV

## <u>COMMON LAW TRADEMARK INFRINGEMENT</u>

60.     Power incorporates the preceding paragraphs as though set forth herein.

61.     Defendant is using in its business a name and mark that is confusingly similar to Power's POWER name and POWER Trademarks, in which Power has common law trademark rights.  Power's name and trademarks are protected with respect to the goods and services offered by Power.

62.     Defendant's conduct constitutes common law trademark infringement and is causing Power to suffer irreparable harm for which Power has no adequate remedy at law.

63.     As a result of Defendant's infringement, Power is suffering irreparable harm, entitling it to an injunction in addition to damages for infringement.

## COUNT V

## <u>COMMON LAW UNFAIR COMPETITION</u>

64.     Power incorporates the preceding paragraphs as though set forth herein.

65.     Power's POWER name and POWER Trademarks are distinctive and strong, and have garnered substantial good will over many years of continuous and exclusive use in connection with Power's home remodeling goods and services.  The POWER name and POWER Trademarks are associated exclusively with Power.

66.     Defendant, without authorization, is using a name and mark that is confusingly similar to Power's name and POWER Trademarks, to Power's detriment and prejudice.

67.     Defendant's unauthorized use of a name and trademarks that are confusingly similar to Power's name and trademarks is capable of misleading and deceiving the public as to the legitimate origins, or ownership of the goods and services in connection with which the POWER name and POWER Trademarks are used.

14

68.     Defendant's conduct constitutes common law unfair competition and is causing Power to suffer irreparable harm for which Power has no adequate remedy at law, entitling Power to an injunction in addition to damages.

## COUNT VI

### UNFAIR COMPETITION UNDER N.J.S.A. 56:4-1

69.     Power incorporates the preceding paragraphs as though set forth herein.

70.     This cause of action arises under N.J.S.A. 56:4-1, a statute of the State of New Jersey.

71.     Defendant, by reason of the foregoing wrongful acts, has engaged in unfair methods of competition and unfair and deceptive acts and practices in the conduct of their trade, which acts and practices have injured Power within the meaning, and in violation of the statutes of the State of New Jersey.

### PRAYER FOR RELIEF

Power has suffered, is suffering and will continue to suffer irreparable harm and damage as a result of Defendant's aforesaid activities.  Defendant will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to Power's irreparable damage. Power's remedy at law is not adequate  to compensate it for the injuries suffered and threatened. By reason of Defendant's acts complained of herein, Power has suffered monetary damages in an amount not yet determined.

WHEREFORE, Power demands:  That Defendant, its agents, employees, servants, privies, successors and assigns, and all persons and organizations in active concert, participation and combination with it, be enjoined and restrained during the pendency of this action, and permanently thereafter, from:

1.      (a) using Power's name and trademarks or any name or trademark confusingly similar thereto, in connection with goods and services not originating with Power;
        (b) advertising, marketing, promoting, offering or rendering any goods or services

or related goods or services using Power's name and trademarks or any confusingly similar variations thereof; (c) using, in connection with the advertising, marketing, promotion, offering or rendering of any goods or services, any false designation, description or representation stating or implying that Power is the origin of, or connected with, any of the goods or services offered by Defendant; (d) passing off or inducing or enabling others to offer or render any pass-off goods or services, not originating from or sponsored by Power, as and for the goods and services of Power; (e) otherwise infringing upon Power's POWER name and POWER Trademarks or competing unfairly with POWER or injuring its business reputation;

2.      That Defendant be ordered to deliver up for destruction all infringing materials bearing Power's name and trademarks or any name or mark confusingly similar thereto, including but not limited to, print and electronic promotional literature, advertisements, marketing materials, brochures, signage, business cards, letterhead, and like materials, as set forth in Section 36 of the Lanham Act, 15 U.S.C. § 1118; or in N.J.S.A. 56:3-13.16;

3.      The Defendant, its agents, servants, employees, attorneys, and related companies and all persons acting for, with, by, through, or under it, with notice of the Court's Order by personal service, electronic mail, or otherwise, and each of them, be temporarily, preliminarily and thereafter permanently enjoined and restrained from: (a) using in any manner Power's POWER name and POWER Trademarks and any other term or terms as trademarks and in a manner likely to cause confusion therewith, as Defendant's name, trademark, domain name, directory, or other such computer address, as the name if its website, or in connection with the advertising, promotion, marketing, offering, or rendering of its goods and services; and (b) disseminating, using, or distributing any website pages, advertising, or any other promotional materials bearing names or trademarks that resemble Power's POWER name and POWER Trademarks so as to create a likelihood of confusion, mistake or deception;

16

4.      That Defendant be ordered to notify in writing and direct to all publishers of directories or lists, including Internet search engines, in which Defendant's use of "POWER" appears, including sponsored links or banner ads, to cancel all accounts, advertisements and references using Power's name and trademark or any name or mark confusingly similar thereto;

5.      That Defendant file with the Court and serve upon Power's counsel within thirty (30) days after entry of Judgment a report, in writing and under oath, setting forth in detail the manner and form in which the Defendant has complied with the requirements of the Injunction and Order;

6.      That Defendant be required to account for and pay over to Power all damages sustained by Power, the amount of which cannot be calculated at this time;

7.      That Defendant be required to account for and pay over to Power all profits realized by Defendant by reason of its unlawful acts alleged herein, and that such amounts be trebled, as provided by law;

8.      That Defendant be required to pay Power punitive damages as may be permitted by law or in the discretion of the Court;

9.      That Defendant be required to post any Order of the Court on any website owned or operated by Defendant and give notice thereof to all its correspondents and customers;

10.     That Power have such other and further relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any goods or services provided by or promoted by Defendant are authorized by Power or related in any way to Power or its home remodeling goods or services;

11.     That Power be awarded the costs and disbursements for this action, together with all reasonable attorney's fees and lawful interest; and

12.     Awarding Power any such other and further relief as the Court deems just and proper.

DM2\6257963.1

## <u>JURY DEMAND</u>

Plaintiff requests trial by jury on all issues so triable.

<div style="margin-left:50%">

Duane Morris LLP
Attorneys for the Plaintiff, Power
Home Remodeling Group, LLC

</div>

Dated:  October 27, 2015

<div style="margin-left:50%">

/s/ Jeffrey S. Pollack
Joseph A. Powers
Christiane S. Campbell
Jeffrey S. Pollack
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103

</div>

18

## <u>CERTIFICATION PURSUANT TO L. Civ. R. 11.2</u>

        This matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

<div align="right">

Duane Morris LLP
Attorneys for the Plaintiff, Power
Home Remodeling Group, LLC

</div>

Dated:  October 27, 2015

<div align="right">

/s/ Jeffrey S. Pollack
Joseph A. Powers
Christiane S. Campbell
Jeffrey S. Pollack
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103

</div>

19